PER CURIAM.
This appeal involves occupancy rights in a cooperative unit. Appellant, a nonprofit corporation, owned and operated an 88-unit cooperative apartment including the subject apartment. Appellee-Snyder occupied the cooperative unit in question pursuant to the transfer of a certificate of ownership made by appellee-Young. Appellant contended below that it was necessary for the Board of Directors of appellant to first approve the transferee in order for occupancy rights to be acquired.
The final judgment in favor of the appellees stated that appellees were entitled to occupy the cooperative unit in question because of the transfer of the certificate of ownership (representing membership in the corporation) and assignment of the proprietary lease. However, pursuant to the by-laws of the corporate form cooperative the exchange of these instruments only conferred “equity” membership upon the appellee-Snyder and did not entitle her to “occupancy” rights or “residency” membership absent board of director approval which the record reflects was not granted. See Sunshine Villa Apartments, Inc. v. Haddad, 312 So.2d 810 (Fla.App. 4th, 1975). The final judgment which found for appellees was therefore erroneous.
*842 Whether or not Board of Director approval of appellee’s request for occupancy rights was improperly or unreasonably refused in this instance is moot in light of facts now appearing in the appellate record, i. e., appellee-Young no longer occupies the unit in question having transferred ownership to a third party whose occupancy rights appellant has approved. See 2 Fla.Jur., Appeals, § 291. Accordingly, the final judgment is vacated and set aside and the cause remanded for such other proceedings as may be consistent herewith.
CROSS and MAGER, JJ„ and WALKER, WILLIAM L., Associate Judge, concur.